IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

BOBBY L. GRAY and
ANNIE MARY NOBLES,                  :

      Plaintiffs,           :

vs.                                 :   CIVIL ACTION 08-00493-CG-B

G. PATTERSON KEAHEY,                :

      Defendant.            :

### REPORT AND RECOMMENDATION

Plaintiffs Bobby L. Gray and Annie Mary Nobles filed this pro se action under 42 U.S.C. § 1983. (See Doc. 2 at 4).[1] This action has been referred to the undersigned for appropriate action pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2(c)(4). After careful consideration, it is recommended that this action be transferred to the United States District Court for the Northern District of Alabama.

Plaintiff Bobby L. Gray, who is incarcerated in Leakesville, Mississippi, asserts that he has a power of attorney for his mother, Plaintiff Annie Mary Nobles, who resides in Waynesboro, Mississippi. According to Gray, the power of attorney bestows upon him the right to represent his mother in this action. (Doc. 1 at

---

[1]Plaintiffs also filed a Motion to Proceed Without Prepayment of Fees. (Doc. 3). The Court is withholding a ruling on this Motion in light of the Undersigned's recommendation that this case be transferred to the United States District Court for the Northern District of Alabama.

1).

In this action, Plaintiffs are suing Defendant G. Patterson Keahey, an attorney who resides in Birmingham, Alabama. Plaintiffs allege that Ms. Nobles' uncle, Lugene Edwards, was exposed to asbestos, and that following his death, Mr. Keahey was retained to file a wrongful death action. Plaintiffs further allege that Mr. Keahey has made one payment of less that $5,000.00 to Ms. Nobles, and that he has breached his fiduciary duties and committed malpractice by settling the case without her permission and by failing to make payments to her. (Doc. 1 at 3; Doc. 2 at 12-13).

A § 1983 action may be brought in

> (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(b); see New Alliance Party of Ala. v. Hand, 933 F.2d 1568, 1570 (11th Cir. 1991) (applying § 1391(b)'s venue provisions to a § 1983 action). When venue is not proper in the district of filing, in the interest of justice, a district court may transfer the action to any other district where the action may have been brought. 28 U.S.C. § 1406(a).

Based upon the allegations in Plaintiffs' complaint, it appears that Defendant Keahey resides in the Northern District of

Alabama and that the events giving rise to Plaintiff Nobles' claims did not occur in this District; thus, venue is lacking in this District. Accordingly, in the interests of justice, the undersigned recommends this action be transferred to the United States District Court for the Northern District of Alabama pursuant to 28 U.S.C. § 1406(a).

The attached sheet contains important information regarding objections to the Report and Recommendation.

**DONE** this the **23rd** day of **September, 2008**.

                                             /S/SONJA F. BIVINS
                                             **UNITED STATES MAGISTRATE JUDGE**

**MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
AND FINDINGS CONCERNING NEED FOR TRANSCRIPT**

1. **Objection**.  Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the clerk of court. Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge.  See 28 U.S.C. § 636(b)(1)(C); Lewis v. Smith, 855 F.2d 736, 738 (11th Cir. 1988).  The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides, in part, that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2. **Opposing party's response to the objection.**  Any opposing party may submit a brief opposing the objection within ten (10) days of being served with a copy of the statement of objection. Fed. R. Civ. P. 72; SD ALA LR 72.4(b).

3. **Transcript (applicable where proceedings tape recorded)**. Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate

4

judge finds that the tapes and original records in this action are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

     /S/SONJA F. BIVINS
**UNITED STATES MAGISTRATE JUDGE**