FILED

2011 Feb-17  PM 03:26
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | | |
|---|---|---|
| BOBBY L. GRAY and ANNIE MARY NOBLES, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 2:08-cv-01974-JEO |
| | ) | |
| G. PATTERSON KEAHEY, | ) | |
| | ) | |
| Defendant. | ) | |

## <u>MEMORANDUM OPINION</u>

This case is presently before the court on the defendant's motion to dismiss, to strike, and for more definite statement. (Doc. 19). Upon consideration, the court finds that the motion is due to be granted in part and denied in part.

## BACKGROUND

Bobby L. Gray, one of the plaintiffs herein,[1] initiated this action by filing a hand-written complaint on a form to be used by prisoners in filing a complaint under the Civil Rights Act, 42 U.S.C. § 1983. Construing the complaint liberally, the court found that it failed to state a claim upon which relief could be granted as the plaintiffs did not allege that the defendant was acting under the color of state law, which is one of the essential elements of a § 1983 claim.

The plaintiffs then filed an amended complaint, wherein they assert that this court has jurisdiction based upon diversity of citizenship as they are citizens of Mississippi, the defendant is a citizen of Alabama, and the matter in controversy exceeds "the sum of fifty thousand

---

[1] Bobby L. Gray, who is incarcerated in Leakesville, Mississippi, asserts that he has a power of attorney for his mother, plaintiff Annie Mary Nobles, who resides in Waynesboro, Mississippi. (Doc. 2 at 2). The record supports this assertion.

dollars."[2]  (Amended Complaint).[3]  In the amended complaint, the plaintiffs assert that the defendant has failed to disburse settlement funds to Annie Mary Nobles which are due to her from a wrongful death lawsuit that she brought on behalf of her great uncle's estate.[4]  They further assert that in failing to make the disbursements, the defendant "failed to use such skill, prudence, competence, diligence, and trust as lawyers of ordinary skill and capacity commonly possess and exercise," and breached the explicit terms of the attorney-client relationship.  As a result, the plaintiffs have been caused "emotional distress, mental anguish, loss of peace of mind, and financial-economic hardships and/or losses," for which they seek compensatory damages of $200,000.00, punitive damages of $5,000,000.00, as well as attorneys' fees and costs.  (Amended Complaint).

In his motion, the defendant asserts the following: (1) the amended complaint should be dismissed as to plaintiff Gray as he lacks standing to pursue this action; (2) the plaintiffs' claims for compensatory damages are due to be struck because damages for mental anguish are not allowed under Alabama contract or trust law; (3) the plaintiffs' claims for punitive damages are due to be struck because the plaintiff has failed to plead a cause of action that allows for punitive damages; (4) the case is due to be dismissed for lack of subject matter jurisdiction because the plaintiff has failed to demonstrate damages equal to the jurisdictional amount; (5) the action is due to be dismissed because it is brought against the defendant in his capacity as an attorney and, therefore, must be brought as a malpractice action; (6) the plaintiffs' allegation that the defendant

---

[2]Although the current jurisdictional minimum is $75,000.00, rather than $50,000.00 (*See* 28 U.S.C. § 1332), the court notes that the plaintiffs seek damages in excess of $5,000,000.00.

[3]The Amended Complaint is located at document 11 in the court's electronic record of the case.

[4]Ms. Nobles was the sole beneficiary and Executrix of Lugene Edwards' estate.  (Doc. 2 at 48).

did not use the skill and diligence expected of lawyers is due to be restated as it is too vague to permit a response; and (7) that because the settlement funds in question are held by the Keahey Law Firm rather than Keahey individually, the firm is the proper party to this case.  (Doc. 19).

## DISCUSSION

### A.     Standing

The defendant first asserts that plaintiff Gray should be dismissed as he lacks standing. Specifically, the defendant argues that Gray has not plead that he has suffered any legally cognizable harm, aside from mental anguish as a result of his efforts to verify his mother's entitlement to the settlement funds.  (Doc. 19 at p. 2).

The plaintiff responds that he is a proper party to this lawsuit because his mother gave him full power of attorney to handle all of her affairs.  (Doc. 20 at ¶ 1).  He then goes on to say that, "Plaintiff Gray did not bring an action in his on [sic] names [sic] he brought in his mother [sic] names [sic], but he have the power of attorney to be on there [sic]."  (Doc. 20 at ¶ 2).

While the power of attorney gives Gray the right to sue on Nobles' behalf, the court agrees with the defendant that Gray does not have standing to pursue a claim of his own against the defendant.  The Eleventh Circuit Court of Appeals has held :

> In order to establish Article III standing, a plaintiff must demonstrate: (1) an injury in fact; (2) a causal connection between the injury and the conduct complained of; and (3) that the injury is likely to be redressed by a favorable decision.  *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61, 112 S. Ct. 2130, 119 L. Ed. 2d 351 (1992).  An "injury in fact [consists of] an invasion of a legally protected interest which is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical."  *Id*. at 560, 112 S. Ct. 2130 (citations and internal quotations omitted).  Thus, to satisfy the injury prong of Article III standing, a plaintiff must "present 'specific, concrete facts' showing that the challenged conduct will result in a 'demonstrable, particularized injury' to the plaintiff."  *Cone Corp. v. Florida Dep't of Transp.*, 921 F.2d 1190, 1204 (11th

Cir. 1991) (quoting *Warth v. Seldin*, 422 U.S. 490, 508, 95 S. Ct. 2197, 45 L. Ed. 2d 343 (1975)).  An allegation of an abstract injury will not suffice. *See Whitmore v. Arkansas*, 495 U.S. 149, 155, 110 S. Ct. 1717, 109 L. Ed. 2d 135 (1990) ("The complainant must allege an injury to himself that is 'distinct and palpable,' as opposed to merely 'abstract'....") (citations omitted); *see also E.F. Hutton & Co., Inc. v. Hadley*, 901 F.2d 979, 984 (11th Cir. 1990) ("Plaintiffs in the federal courts must have a personal stake in the outcome of the case, and must allege some threatened or actual injury resulting from the putatively illegal action.  Abstract injury is not enough....") (citations and internal quotations omitted).

*Miccosukee Tribe of Indians of Florida v. Florida State Athletic Commission*, 226 F.3d 1226, 1228-29 (11th Cir. 2000).  In the instant case, Gray has not asserted any concrete injury to himself, nor has he alleged any contractual relationship between the defendant and himself on which he could base any injury caused by the defendant's purported breach.  Therefore, the court finds that plaintiff Gray is without standing to pursue a claim and should be dismissed as a plaintiff from this action.

**B.  The ALSLA**

As stated previously, the plaintiff's claims stem from the defendant's representation of her as administratrix of her uncle's estate in a wrongful death action.  Based on the plaintiff's allegations, her claims can only be properly pled as an action arising under the Alabama Legal Service Liability Act (hereinafter "ALSLA").  The ALSLA provides:

> There shall be only one form and cause of action against legal service providers in courts in the State of Alabama and it shall be known as the legal service liability action and shall have meaning as defined herein.

ALA. CODE § 6-5-573 (1975).  The statutory action is defined as:

> Any action against a legal service provider in which it is alleged that some injury or damage was caused in whole or in part by the legal service provider's violation of the standard of care applicable to a legal service provider. A legal service liability action embraces all claims for injuries or damages or wrongful death whether in contract or in tort and whether based on an intentional or unintentional

4

act or omission. A legal services liability action embraces any form of action in which a litigant may seek legal redress for a wrong or an injury and every legal theory of recovery, whether common law or statutory, available to a litigant in a court in the State of Alabama now or in the future.

ALA. CODE § 6-5-572(1).

Under the ALSLA, the only action that can be brought against a legal service provider by a client is for "breach of the standard of care." The "standard of care" is defined as "that level of such reasonable care, skill, and diligence as other similarly situated legal service providers in the same general line of practice in the same general locality ordinarily have and exercise in a like case." ALA. CODE § 6-5-572(3)a. "Breach of the standard of care" is defined as "[t]he failure by a legal service provider to comply with the applicable standard of care the breach of which proximately causes the injury...." ALA. CODE § 6-5-572(4).

These provisions, as set out, make clear that the plaintiff's only recourse against the defendant, as a legal service provider, for breach of his failure to adequately provide legal services, is through the ALSLA. *See*, *Free v. Lasseter*, 31 So. 3d 85 (Ala. 2009); *Sessions v. Espy*, 854 So. 2d 515 (Ala. 2003). Because the plaintiff is proceeding *pro se*, and likely is not familiar with Alabama statutory law as a Mississippi resident, the court reads her complaint with great leeway and will construe her claim as one pled under the ALSLA.[5] In so doing, the court finds that the plaintiff has sufficiently pled facts to state a claim at this juncture in the proceedings. Specifically, the plaintiff alleges that the defendant has obtained settlement proceeds due to be disbursed to her uncle's estate that the defendant has withheld and refused to

---

[5] The court notes that the defendant acknowledges that all tort actions against legal service providers must be brought as malpractice actions under the ALSLA, and suggests that the plaintiff be allowed to amend her complaint to properly plead her claims under that Act. (Doc. 19 at 6).

disburse.  At this stage in the proceedings, the court finds that allegation sufficient to state a legal malpractice claim.   Therefore, the court finds that the defendant's motion to dismiss is due to be denied as to the ALSLA claim.

### C.  Compensatory Damages

The defendant also asserts that the plaintiff's request for compensatory damages is due to be struck as the plaintiff seeks compensatory damages in addition to the settlement proceeds, and Alabama law does not allow for mental anguish damages in breach of contract or breach of trust cases absent conduct subjecting the plaintiff to a risk of mental harm.  (Doc. 19 at 3) (citing *National Sec. Fire and Casualty Co., Inc. v. Vintson*, 414 So. 2d 49 (Ala. 1982)).  Because the court has recast the plaintiff's breach of contract claim as a claim arising under the ALSLA, the defendant's argument on this point is denied.

### D.  Punitive Damages

The defendant next asserts that the plaintiff's request for punitive damages is due to be struck because the plaintiff has not pled any cause of action that would entitle her to punitive damages.  ALA. CODE § 6-11-20 provides

> (a) Punitive damages may not be awarded in any civil action, except civil actions for wrongful death . . . , other than in a tort action where it is proven by clear and convincing evidence that the defendant consciously and deliberately engaged in oppression, fraud, wantonness, or malice with regard to the plaintiff.

The defendant is correct that the plaintiff's amended complaint does not allege any cause of action that would entitle her to punitive damages.  The plaintiff's request for punitive damages is due to be struck.

### E.  Subject Matter Jurisdiction

The defendant next asserts that the plaintiff has failed to establish the jurisdictional amount required for the court's exercise of diversity jurisdiction.  In the complaint, the plaintiff seeks compensatory damages in the amount of $200,000.00.  Because the court has already found that the defendant's motion is due to be denied as to the plaintiff's claim for compensatory damages, at this juncture, the court also finds that the defendant's motion is due to be denied as to its argument that the plaintiff cannot meet the jurisdictional minimum.

### F.  Proper Party

Finally, the defendant argues that the Keahey Law Firm, rather than Keahey, individually, is the proper party in this case because the Keahey Law Firm holds the settlement funds in question.  As such, any relief granted to the plaintiff would be granted against the firm.  The court agrees and finds that the Keahey Law Firm should be substituted for G. Patterson Keahey as the proper defendant in this case.  The court will direct the Clerk of Court to make the substitution by separate order.

### CONCLUSION

Based on the foregoing, the court finds that the defendant's motion to dismiss is due to be **GRANTED in PART** and **DENIED in PART** as follows:

1. The defendant's motion to dismiss plaintiff Gray as a plaintiff due to lack of standing is due to be **GRANTED**;

2. The defendant's motion to strike plaintiff Nobles' claim for compensatory damages is due to be **DENIED**;

3. The defendant's motion to strike the plaintiff's request for punitive damages is due to be **GRANTED** as the plaintiff has not alleged any facts that would entitle her to punitive damages;

7

4.      The defendant's motion to dismiss based upon lack of subject matter jurisdiction is due to be **DENIED**; and

5.      The defendant's motion to substitute the Keahey Law Firm for G. Patterson Keahey as the proper defendant is due to be **GRANTED**.  The Clerk of Court will be **DIRECTED** to make the docket sheet reflect that correction.

**DONE**, this 17th day of February, 2011.

_John E. Ott_

**JOHN E. OTT**
United States Magistrate Judge

8